UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
TARIQ A. WYATT,

                  Plaintiff,

    -v.-                                                      9:04-CV-0837
                                                                      (LEK)(DRH)

MUHAMMAD AFZAL, Dentist; TAHIR FAROOKI,

                  Defendants.
--------------------------------------------------------------------------

**APPEARANCES:**                    **OF COUNSEL:**

TARIQ A. WYATT
Plaintiff, *pro se*
03-A-3547
Attica Correctional Facility
Box 149, Exchange Street
Attica, NY 14011

HON. ANDREW M. CUOMO        DAVID FRUCHTER, Esq.
Office of Attorney General
State of New York
Department of Law
The Capitol
Albany, NY 12224

DAVID R. HOMER, U.S. MAGISTRATE JUDGE

## ORDER

      By Order entered January 8, 2007, the Court denied a motion to appoint counsel filed by Tariq Wyatt ("Wyatt" or "plaintiff"). Docket No. 58. Presently before the Court is a motion for reconsideration of the January Order.[1] Docket No. 64. Plaintiff also asks the Court to reconsider its extension of the dispostive motion filing deadline granted on

---

    [1] It appears that the motion is untimely as the local rules require that such a motion be "served not later than **TEN CALENDAR** days after the entry of the challenged .... order." Local Rule 7.1(g). The challenged Order was entered on January 8, 2007. Plaintiff's motion is dated February 8, 2007. However, the Court will also address the substance of the motion.

February 16, 2007.[2]  Docket No. 63.

A.      **Motion for Reconsideration**

     1.      **Standard for Reconsideration.**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

     2.      **Plaintiff's Motion for Reconsideration.**

In support of his motion for reconsideration of the Order denying the appointment of counsel, plaintiff alleges that he has limited knowledge of law, that plaintiff has three other pending cases that he is struggling to learn the law on, and that counsel should be appointed because this case is more complicated than plaintiff anticipated. Docket No. 64.

With respect to the February 16, 2007 Order granting defendant's request to extend the dispositive motion filing deadline, plaintiff asserts that counsel was obligated to confer with plaintiff regarding this request, based upon the November 6, 2006 Order directing counsel to obtain consent to the extension of discovery response deadlines. Docket No. 56.  However, the November Order addressed extension of discovery response dates, not motion deadlines set by the Court.

---

     [2]Defendants have filed their motion for summary judgment, and plaintiff has filed his response thereto.  *See* Docket Nos. 65 and 66.

  This Court has fully reviewed plaintiff's motion for reconsideration and finds that plaintiff has not established any of the above-cited factors relative to his motion for reconsideration of the Orders denying appointment of counsel and granting an extension of the dispostive motion filing deadline.  Therefore this motion must be denied.

  WHEREFORE, in light of the above, it is hereby

  ORDERED, that plaintiff's motion for reconsideration (Docket No. 64) is **DENIED**, and it is further

  ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:  March 27, 2007

                _David R. Homer_____
                United States Magistrate Judge