**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TARIQ A. WYATT,

                              Plaintiff,

    v.                                          No. 04-CV-837
                                                (LEK/DRH)

D.D.S. MOHAMMAD[1] AFZAL, Dentist; and
D.D.S. TAHIR FAROOKI,

                              Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

TARIQ A. WYATT
Plaintiff Pro Se
No. 03-A-3547
Attica Correctional Facility
Post Office Box 149
Attica, New York 14011

HON. ANDREW M. CUOMO             DAVID FRUCHTER, ESQ.
Attorney General for the              CHRISTOPHER W. HALL, ESQ.
  State of New York                  Assistant Attorneys General
Attorneys for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[2]

---

     [1]This is the correct spelling and as spelled in the caption of the complaint.  <u>See</u> Afzal Decl. (Docket No. 65, Ex. 3); Compl. (Docket No. 1).  The Clerk shall correct the docket to reflect this spelling.

     [2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Plaintiff pro se Tariq A. Wyatt ("Wyatt"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, two DOCS dentists, violated his constitutional rights under the Eighth Amendment.  See  Compl. (Docket No. 1).  Presently pending is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 65.  Wyatt opposes the motion.  Docket No. 66.  For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

The facts are presented in the light most favorable to Wyatt as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir. 1999).

At all relevant times, Wyatt was incarcerated at Clinton Correctional Facility.  On November 24, 2003, Dr. Afzal extracted one of Wyatt's teeth.  See Afzal Decl. (Docket No. 65, Ex. 3), Ex. A at 9; Compl. at ¶ 6.  Shortly thereafter, Wyatt began to experience pain in another tooth (tooth #5).  See Compl. at ¶ 6.  On December 31, 2003, Dr. Farooki examined Wyatt and recommended the extraction of the tooth.  See Farooki Decl. (Docket No. 65, Ex. 5) at ¶ 9.  On March 11, 2004, Dr. Afzal again examined Wyatt and recommended that both #4 and tooth #5 be extracted because they both were badly decayed and locked into each other.  See Afzal Decl, Ex. A at 8.  However, defendants never extracted either tooth #4 or #5.  See id. at 7-8.  On April 19, 2004, Dr. Farooki attempted to clean Wyatt's teeth but was unable to finish because Wyatt complained of pain.  See id. at 7; Pl. Reply Mem. of Law at ¶ 15.  This action followed.   After his transfer to Sing Sing Correctional Facility ("Sing Sing"),

Wyatt was treated on April 12, 2006 by a dentist there who removed tooth #5 but did not remove tooth #4.  Id. at ¶ 8.


## II. Discussion

Wyatt asserts one cause of action against each defendant, alleging that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.


## A. Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary

judgment.  Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994);

Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).  When, as here, a party seeks

summary judgment against a pro se litigant, a court must afford the non-movant special

solicitude.  Id.; see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.

2006).[3]  However, the mere existence of some alleged factual dispute between the parties

will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-

48.

## B. Eighth Amendment

A prisoner advancing an Eighth Amendment claim for denial of medical care must

allege and prove deliberate indifference to a serious medical need.  Wilson v. Seiter, 501

U.S. 294, 297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).  More than

negligence is required "but less than conduct undertaken for the very purpose of causing

harm."  Hathaway, 37 F.3d at 66.  The test for a § 1983 claim is twofold.  First, the prisoner

must show that there was a sufficiently serious medical need.  Chance v. Armstrong, 143

F.3d 698, 702 (2d Cir. 1998).  Second, the prisoner must show that the prison official

demonstrated deliberate indifference by having knowledge of the risk and failing to take

measures to avoid the harm.  Id.  "[P]rison officials who actually knew of a substantial risk to

inmate health or safety may be found free from liability if they responded reasonably to the

---

[3] Wyatt has filed three other federal actions since 2004.  See U.S. Party/Case Index
(visited July 11, 2007) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

risk, even if the harm ultimately was not averted." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

A serious medical need is "'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)).  An impairment that a reasonable doctor or patient would find important and worthy to treat, a medical condition that affects the daily activities of an individual, or the existence of chronic and substantial pain are all factors that are relevant in the consideration of whether a medical condition was serious.  Chance, 143 F.3d at 702-03.

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs.  Id. at 702.  Mere disagreement over proper treatment does not create a constitutional claim as long as the treatment was adequate. Id. at 703.  Allegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness.  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). A dental condition such as Wyatt's constituted a serious medical need.  See Harrison v. Barkley, 219 F.3d 132, 137 (2d Cir. 2000) (holding that the failure to treat a tooth cavity could constitute deliberate indifference); Bennett v. Erie County Holding Ctr. Med. Dep't), No. 03-CV-6393P, 2006 WL 897817, at *6 (W.D.N.Y. Mar. 31, 2006) (holding that dental infection over nine month period constituted serious medical need).  Wyatt has thus successfully raised a material issue of fact as to the first prong of his claim.

5

As to the second, Wyatt contends that between November 24, 2003 and March 10, 2004, defendants were deliberately indifferent to this serious medical need. See Compl. at ¶¶ 6-7. However, Wyatt's dental records clearly demonstrate that during this time, he was treated on five separate occasions by defendants. See Afzal Decl., Ex. A at 8-9. Further, Wyatt admits that both defendants treated him during this period. See Compl. at ¶ 6 (stating that Dr. Afzal removed his tooth on November 24, 2003); Pl. Reply Mem. of Law at ¶ 15 (stating that Dr. Farooki began cleaning his teeth but ceased when Wyatt asked him to stop). Thus, the record is undisputed that Drs. Afzal and Farooki provided at least adequate attention to Wyatt's dental condition.

Rather, the gravamen of Wyatt's claim is that defendants wanted to remove two teeth while Wyatt only wanted one removed. Wyatt contends that one of his teeth broke in half (tooth #4) and that he wanted defendants to remove just that tooth. See Compl. at ¶ 6. Defendants advised Wyatt that tooth #4 was locked into another tooth (tooth #5) and that both needed to be extracted. See Afzal Decl. at ¶¶ 13-14 & Ex. A at 8; Farooki Decl. at ¶ 13. In response, Wyatt argues that defendants' reason for not extracting tooth #4 was without merit because the tooth was later removed by the dentist at Sing Sing. See Pl. Mem. of Law at ¶ 8; Afzal Decl., Ex. A at 2. However, Wyatt has failed to offer any evidence to demonstrate that the removal of tooth #4 in 2006 by another dentist instead of by defendants in 2004 was anything more than a disagreement over treatment methods. Such mere disagreement fails to raise a material issue of fact.  . See Chance, 143 F.3d at 703.[4]

---

[4]Wyatt alleges that Dr. Afzal intentionally chipped his tooth with a file and Dr. Farooki "put holes in [his] gums and a few teeth to create cavities." See Compl. at ¶ 7.

Therefore, defendants' motion for summary judgment on this ground should be granted.

## C. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity.  Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229 (N.D.N.Y. 2002), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003).  A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230.  Here, as discussed supra, accepting all of Wyatt's allegations as true, he has not shown that defendants violated his constitutional rights.

Therefore, in the alternative, defendants' motion for summary judgment on this ground should be granted.

## III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion for summary judgment (Docket No. 65) be **GRANTED** as to all claims and all defendants.

---

However, Wyatt offers no evidence to support these allegations.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED:  September 24, 2007
            Albany, New York

_____
United States Magistrate Judge